Bravo v Benish (2021 NY Slip Op 06669)





Bravo v Benish


2021 NY Slip Op 06669


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-12421
 (Index No. 511697/17)

[*1]Tomas Bravo, appellant,
v
David Benish, respondent, et al., defendants.


Joshua W. Skillman (The Altman Law firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 4, 2019. The order granted the motion of the defendant David Benish for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant David Benish for summary judgment dismissing the complaint insofar as asserted against him is denied.
On October 28, 2015, at the intersection of Coney Island Avenue and Avenue K, in Brooklyn, a vehicle owned by the defendant Fructoso Velez, in which the plaintiff was a rear seat passenger, was involved in an accident with a vehicle owned and operated by the defendant David Benish when Velez's vehicle made a left turn from Coney Island Avenue. The plaintiff commenced the instant action against Velez and Benish to recover damages for personal injuries. The action insofar as asserted against Velez was later discontinued with prejudice via stipulation. Benish moved for summary judgment dismissing the complaint insofar as asserted against him on the grounds that Velez was negligent in turning left when it was unsafe to do so, in violation of Vehicle and Traffic Law § 1141, and he was not negligent in the happening of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
Benish failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. While he submitted evidence that Velez's vehicle failed to yield the right-of-way to his vehicle, in violation of Vehicle and Traffic Law § 1141, the submissions in support of his motion failed to establish his freedom from fault and that the failure of Velez's vehicle to yield the right-of-way was the sole proximate cause of the accident (see Alatsas v Sacchetti, 167 AD3d 556). Based on Benish's submissions, which included the deposition transcripts of Benish and the plaintiff, as well as a police accident report, Benish failed to eliminate all triable issues of fact as to whether he was speeding at the time of the collision, and used [*2]reasonable care to avoid the collision (see id. at 556).
Since Benish failed to make a prima facie showing of his entitlement to judgment as a matter of law, we need not consider whether the papers submitted by the plaintiff in opposition to the motion were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court should have denied Benish's motion for summary judgment dismissing the complaint insofar as asserted against him.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court